Lane v. Pollard.

---

JOHN LANE, Respondent, v. B. S. POLLARD, Appellant.

### Kansas City Court of Appeals, April 1, 1901.

1. **Bills and Notes:** CONSIDERATION: EVIDENCE: SETTLE- MENT. Evidence is reviewed and found to show a settlement which constitutes a sufficient consideration for the duebill sued on, since the defendant has received all he was to receive from the settlement.

2. **Landlord and Tenant:** LIEN FOR RENT: MORTGAGE. A lien for rent has precedence over a mortgage of the crop grown on the demised premises.

Lane v. Pollard.

Appeal from Caldwell Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Chas. A. Loomis* for appellant.

(1) The court committed error in rejecting evidence offered by defendant to the effect that he attached the $75 in the hands of Railsback, and that he did not recover or receive anything as the result of said attachment, and, therefore, that part of the consideration of the duebill sued on had failed. Brown v. Weldon, 99 Mo. 564; Barr v. Baker, 9 Mo. 849; Murphy v. Gay, 37 Mo. 535; Compton v. Parsons, 76 Mo. 455; opinion of Judge ELLISON in Brown v. Weldon, 27 Mo. App. 251, 267, affirmed in 99 Mo. 564; R. S. 1899, sec. 645; Danforth & Co. v. Crookshanks, 68 Mo. App. 311; Hayner & Co. v. Churchill, 29 Mo. App. 676. (2) The court committed error in rejecting evidence offered by the defendant to the effect that the mortgage, held by Lane from Flint, on the crops for $250, which he represented and guaranteed to defendant to be a valid and subsisting debt and lien, was in fact fraudulent, without consideration, and void, and therefore, that the consideration of the payment to Lane of the $100 in cash, and the duebill had failed. See authorities, supra.

*O. J. Chapman* for respondent.

(1) An acknowledgment in writing of indebtedness in a specific sum, for a valuable consideration, raises a promise to pay, and is, in law, a note. Finney v. Shirley, 7 Mo. 42; Brady v. Chandler, 31 Mo. 28; Ubsdell v. Cunningham, 22 Mo. 124. (2) An instrument of writing signed by the party

bound, such as the duebill in controversy, imports a consideration and is due and payable as therein specified.   R. S. 1899, sec. 894.

ELLISON, J.—This action is based on a duebill for $75. It was begun before a justice of the peace and after judgment there for plaintiff it was appealed to the circuit court where plaintiff again had judgment.

There is a long and involved statement of the case which connects the subject of this controversy, in greater or less degree, with other transactions, attachment suits, garnishments, landlord's liens, and chattel mortgages.   The instructions appear to have been given for each party as asked.   Though it is stated by defendant as ground for new trial that the court erred in giving instructions numbers one, two, three, four, five and six for plaintiff, while it appears that but two were asked. And so complaint is made of refusing the same number for defendant, when but three were asked and all given.

The particular complaint made here is directed at the ruling of the trial court in excluding evidence offered by defendant with a view of showing that the duebill in suit was without consideration.   We do not regard the point as well taken.   In a general way we will state that it seems that defendant owned a farm which he rented to one Flint.   That Flint had transferred some of the crop to one Railsback so as to endanger the rent and defendant brought attachment and garnished Railsback for $75, purchase price of the crop bought by him.   Thereupon (defendant claims), that plaintiff claimed to have a mortgage from Flint on the crop for $250.   Then plaintiff, defendant and Flint made a settlement whereby Flint turned over the crop and farm to defendant, his landlord, and surrendered to defendant the claim for the $75 which was owing him for part of crop sold and which defendant had gar-

nished as aforesaid; the plaintiff releasing his said mortgage on the crop for $250. But it was then discovered that another attachment had been had against Flint for some other debt and the $75 owing him by Railsback was garnished in the latter's hands. This broke up the settlement just mentioned and the parties went into another, whereby it was agreed (according to plaintiff's contention) that plaintiff transferred to defendant his mortgage for $250, Flint gave up the farm and crop to defendant, and defendant was to pay plaintiff $175. That he paid $100 in cash and $75 represented by the duebill in suit.

This defendant stated the agreement in the same way, except that he testified that he was to pay the $100, absolutely, and that he would only pay the $75 if he collected it in his attachment suit against Flint, wherein he had garnished Railsback as aforesaid, and that he failed to collect from Railsback. Whether the plaintiff's or defendant's version of the $75 represented by the duebill in suit was thus an absolute or contingent liability was duly submitted to the jury and the finding was for plaintiff.

We have not been able to discover any valid reason for bringing into this case the question whether the note and mortgage on the crop given by Flint to plaintiff was without consideration. How can it have affected the duebill in suit? Flint does not appear to have denied the validity of the mortgage and, being a joint party to the settlement whereby it was transferred by plaintiff to defendant, he can not deny it. So, therefore, defendant got a mortgage from plaintiff against Flint, the validity of which is indisputable. But we suppose it to be a part of defendant's contention that the mortgage was held out to him as being given on sufficient consideration and he was thereby induced to go into the settlement, but that would not sustain a plea of want of consideration for the due-

bill.   Defendant has received from that settlement all he was to receive and the duebill is part of the consideration he, himself was to render.

There are two other matters which suggest themselves in a consideration of the case.   It appears that, defendant had before him what he now considers evidence that the mortgage was without consideration (viz.: plaintiff's conduct in making the first settlement) when he entered into the final settlement. Again, why should defendant have been so concerned about plaintiff's mortgage on the crop.   If he had a claim for rent, the mortgage could not have been regarded as interfering with it, since a claim for rent has precedence over a mortgage of crop grown on the premises rented.

We consider the appeal to be without merit and hence affirm the judgment.   *Smith, P. J.,* concurs; *Broaddus, J.,* not sitting.